IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRA JEROME ROSS, #498729
*Plaintiff*

v.

Civil Action No. ELH-20-1157

KILOLO KIJAKAZI,
*Acting Commissioner of the SSA,*
*Defendant.*

**MEMORANDUM**

The self-represented plaintiff, Ira Jerome Ross, is presently incarcerated at Allen Correctional Center in Kinder, Louisiana. He filed suit against Nancy Berryhill, the former Commissioner of the Social Security Administration ("SSA").[1]  ECF 1 ("Complaint"). Ross alleges that SSA violated his rights to constitutional due process and equal protection by failing to allow him to apply for Supplemental Security Income ("SSI") payments under 42 U.S.C. § 1381 *et seq*. ECF 1-2 at 2.

Ross has also moved for preliminary injunctive relief, pursuant to Fed. R. Civ. P. 65. ECF 16 ("P.I. Motion"). In the P.I. Motion, plaintiff argues that "he has met the criteria provided in 42 U.S.C. § 1382(e)" to receive SSI payments. *Id.* at 2. Plaintiff asks the Court to order the SSA to provide him with the forms to apply for SSI, among other things. *Id.* at 3.

Ross also submitted exhibits with his suit. One of the exhibits (ECF 1-4) is a copy of a Memorandum Opinion and Order issued by U.S. District Judge Catherine Blake on September 11,

---

[1] Dr. Kilolo Kijakazi is the current Acting Commissioner of the SSA. *See Acting Commissioner Dr. Kilolo Kijakazi*, SOCIAL SECURITY ADMIN., https://www.ssa.gov/agency/commissioner/ (last accessed Aug. 23, 2021). Andrew Saul preceded Kijakazi, and Saul was preceded by Nancy Berryhill. Although neither party sought to substitute Kijakazi for Berryill, the Court may do so on its own initiative. *See* Fed. R. Civ. P. 25(d). The Clerk shall substitute Kijakazi defendant.

2019, in case CCB-19-537 ("*Ross I*"), ECF 4, ECF 5.  In *Ross I*, Judge Blake resolved a prior, related case filed by Ross.  She dismissed *Ross I* for failure to state a claim upon which relief may be granted.  According to Judge Blake, the complaint "centered on [Ross's] desire to prosecute employees of the Social Security Administration."  *Ross I*, ECF 4, at 2.

Defendant has moved to dismiss the Complaint or, in the alternative, for a more definite statement, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6), and 12(e).  ECF 19.  The motion is supported by a memorandum.  ECF 19-1 (collectively, the "Motion").  In the Motion, defendant argues, *inter alia*, that dismissal is warranted based on lack of subject matter jurisdiction and because the Complaint fails to allege facts sufficient to state a claim for relief.  *Id.* at 1.

Ross did not file an opposition to the Motion.  Instead, he filed a "Request for Clerk to enter a[] default judgment" (ECF 21) and a "Motion for Default Judgment."  ECF 23.

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny ECF 16, ECF 21, and ECF 23.  And, I shall grant ECF 19.

### I.  Fed. R. Civ. P. 12(b)(1)

District courts of the United States are courts of limited jurisdiction; they possess "'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 586 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Home Depot U.S.A., Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Simply put, if Congress or the Constitution "has not empowered the federal judiciary to hear a matter, then the case must be dismissed."  *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it

ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (citation omitted).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to challenge the court's subject matter jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also The Piney Run Preservation Ass'n v. Cty. Comm'rs of Carroll Cty.*, 523 F.3d 453, 459 (4th Cir. 2008); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). However, a court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *B.F. Perkins*, 166 F.3d at 647 (citation omitted).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge or a factual challenge. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *accord Hutton v. Nat'l Bd. of Exam'rs Inc.*, 892 F.3d 613, 620-21 (4th Cir. 2018). Here, the defendant raises a facial challenge to the Court's subject matter jurisdiction on the grounds of 42 U.S.C. § 405. ECF 19-1 at 1-4; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (observing that "'sovereign immunity deprives federal courts of jurisdiction to hear claims'") (citation omitted), *cert. denied*, ___ U.S. ___, 139 S. Ct. (2018). In such a case, "the defendant must show that a complaint fails to allege facts upon which subject-matter jurisdiction can be predicated." *Hutton*, 892 F.3d at 621 n.7; *see Kerns*, 585 F.3d at 192.[2]

---

[2] Both the Supreme Court and the Fourth Circuit have held that 42 U.S.C. § 405(h) pertains to the Court's subject matter jurisdiction. *See Weinberger v. Salfi*, 422 U.S. 749, 757-67 (1975) (describing the provision as jurisdictional); *Jarrett v. United States*, 874 F.2d 201, 204-05 (4th Cir. 1989) (district court correct in deciding "it did not have subject matter jurisdiction" over a Social

## II.     SSA's Motion to Dismiss

Defendant argues that Ross filed his suit in an improper venue, that he failed to state a claim for relief, and that this Court lacks subject matter jurisdiction. ECF 19-1 at 1.  In particular, defendant notes that Ross has failed to exhaust his administrative remedies.  *See* 42 U.S.C. § 405 (g), (h).  According to defendant, Ross filed this action pursuant to 28 U.S.C. § 1331, something expressly barred by the Social Security Act, 42 U.S.C. § 405(h).  In addition, defendant argues that Ross has not provided sufficient information for defendant to answer the complaint, and that if the case is not dismissed or transferred, the Court should order Ross to provide a more definite statement. *Id*. at 6-7.  Because I resolve the case by granting defendant's motion to dismiss on the exhaustion issue, there is no need to consider defendant's additional arguments.

The Social Security Act tightly regulates the circumstances in which an individual may obtain judicial review of an action by SSA.  *See* 42 U.S.C. § 405 (g), (h).  § 405(g) of the Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

---

Security claim under § 405(h)).  I note, however, that these cases were decided before the Supreme Court's decision in *Fort Bend County v. Davis*, ___ U.S. ___, 139 S. Ct. 1843 (2017).

In *Davis*, the Supreme Court observed that "[j]urisdiction is a word of many, too many, meanings" and "[i]n recent years, the Court has undertaken to ward off profligate use of the term." *Davis*, 139 S. Ct. at 1848 (internal quotation marks and citations omitted).  And, the Court determined that Title VII's administrative exhaustion requirement was not jurisdictional, but rather a "nonjurisdictional claim-processing rule" seeking to "promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id*. at 1849 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

There is little case law on the implications of *Davis* for § 405.  Although there are differences between § 405 and the Title VII provision, it may be that the conception of § 405's requirements as jurisdictional is subject to reexamination in light of *Davis*.  However, this issue has no bearing here, as the outcome is the same under a Rule 12(b)(6) analysis.

within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

As this provision establishes, a plaintiff must obtain a final decision from the Commissioner before seeking review in federal court. And, a claimant can only receive a final decision by completing the four-step administrative review process established by the SSA. 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

At the first step of this process, an initial determination is made about a claimant's entitlement to benefits. *See* 20 C.F.R. § 404.902. Second, if the claimant is dissatisfied with the initial determination, he may seek reconsideration of the initial determination. *See* 20 C.F.R. § 404.907. Third, if the claimant is dissatisfied with the reconsidered determination, the claimant can request a hearing before an Administrative Law Judge ("ALJ"). *See* 20 C.F.R. § 404.929. Fourth and finally, the claimant can request a review of the ALJ's decision by the Appeals Council. *See* 20 C.F.R. § 404.967. Once the Appeals Council either denies review or issues its own decision, the claimant can seek judicial review by timely filing an action against the Commissioner in federal district court. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210; *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

In sum, in order for a district court to consider a claim arising under the Social Security Act, a plaintiff is required to seek review of an ALJ's decision with the Appeals Council before seeking review in the district court. *See Buckner v. Heckler*, 804 F.2d 258, 259 n.2 (4th Cir. 1986). Absent this step, a district court cannot consider the claim.

Section 405(h) of the Social Security Act further limits a federal court's review of social security benefits. It provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security,

5

or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising from this subchapter.

As defendant notes, courts have consistently affirmed the broad sweep of this provision. *See, e.g., Weinberger v. Salfi*, 422 U.S. 749, 762 (1975) (§ 405(h) "extends to any 'action' seeking 'to recover on any (Social Security) claim'" (quoting 42 U.S.C. § 405(h))); *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989) ("The language of § 405(h) is unambiguous and precludes . . . [an] action [that] . . . is an effort to recover on a claim arising under the Social Security Act. . . . Congress has directed that there be judicial review of the Secretary's actions, but such review is the exclusive remedy and is clearly set forth in § 405(g)."); *Cummiskey v. Comm'r, Social Sec. Admin.*, PJM-11-956, 2012 WL 1431486, at *5 (D. Md. Apr. 24, 2012) ("[J]udicial review pursuant to 42 U.S.C. § 405(g) is the exclusive remedy for complaints about the SSA's decisions involving Social Security benefits." (citing *Jarrett*, 874 F.2d at 203-04)).

The restrictions under § 405(h) apply where the Social Security Act provides "both the standing and the substantive basis for the presentation of a claim…." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 12 (2000) (citation and internal quotation marks omitted). This includes "[c]laims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy." *Id.* at 14. In addition, the Supreme Court has made clear that § 405(h) applies to constitutional claims. *See Weinberger*, 422 U.S. at 760-61.

Ross does not allege that he has sought review of an ALJ's decision or has obtained a final decision with respect to any claim for social security benefits. *See* ECF 1; ECF 16. In fact, Ross's claim fails at step one of the analysis because his communications with the SSA do not constitute an enumerated "initial determination" from which a "final decision" can arise. 20 C.F.R. § 404.902. Accordingly, I conclude that Ross did not exhaust his administrative remedies, as required by § 405.

Ross filed this action pursuant to 28 U.S.C. § 1331. However, § 405(h) expressly prohibits him from bringing such a claim. As noted, § 405(h) expressly states: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331 or 28 U.S.C. § 1346] to recover on any claim arising under this subchapter." This means that the Social Security Act provides an exclusive remedy for claims arising under the Social Security Act and no other action against the United States or its employees may be brought for the same claim.

Because Ross has not exhausted his administrative remedies as required to obtain judicial review under § 405(g), and because this Court may not otherwise consider his claim under § 405(h), I will grant defendant's Motion. Because dismissal on this issue resolves the case, I need not reach the other arguments in the Motion.

### III. Ross's Motions

If the Court lacks subject matter jurisdiction, then it cannot consider Ross's motions. But, even assuming, *arguendo*, that the Court has jurisdiction, the motions lack merit. Therefore, I shall deny Ross's P.I. Motion (ECF 16), Request for Clerk's Entry of Default (ECF 21), and Motion for Default Judgment (ECF 23).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. Although the first prong does not require "a 'certainty of success,'" the plaintiff "must make a clear showing that he is likely to succeed at trial.'" *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citation omitted). The

"'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'" *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984)).

As described above, Ross has not made any showing that he is likely to succeed on the merits. Although Ross makes a vague reference to "irreparable injury" in his motion (ECF 16 at 3), he has not made any showing that he is likely to suffer irreparable harm in the absence of preliminary relief.

Ross's Request for Clerk's Entry of Default on Dec. 29, 2020 (ECF 21) asks the Clerk to enter a default against defendant under Fed. R. Civ. P. 55, on the ground that defendant did not respond to the Complaint within sixty days of receipt of the Complaint by defense counsel, as directed in the Order of September 29, 2020. ECF 21; *see also* ECF 14 (the Order). The Motion for Default Judgment on Jan. 29, 2021 (ECF 23) requests a default judgment on similar grounds.

Fed. R. Civ. P. 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In addition, Fed. R. Civ. P. 55(d) provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."

Defendant ultimately defended against Ross's Complaint, via the Motion, which was filed on December 9, 2020. *See* ECF 19. Courts favor resolution of cases on the merits. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Plaintiff was not harmed by the brief delay. The entry of default judgment is not appropriate.

### IV. Conclusion

For the foregoing reasons, I shall grant the Motion, without prejudice. ECF 19. And, I shall deny Ross's P.I. Motion (ECF 16), Request for Clerk's Entry of Default (ECF 21), and Motion for Default Judgment (ECF 23).

I shall grant plaintiff leave to amend, due within 28 days of the date of this Order, to include allegations that would, if true, satisfy the requirements of § 405 and establish subject matter jurisdiction. If Ross fails to file an amended complaint in the time provided, I shall direct the Clerk to close the case. Dismissal in that circumstance will be without prejudice, so that Ross may pursue his administrative remedies.

An Order follows, consistent with this Memorandum.

Date: August 25, 2021                                  /s/
                                                Ellen L. Hollander
                                                United States District Judge